IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation, and DENISE PAYNE, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV00589 |
| OFFICEMAX NORTH AMERICA, INC., an Ohio Corporation, d/b/a OFFICE MAX, | ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

COMES NOW Defendant OfficeMax North America, Inc. (hereinafter "Defendant"), and files its Answer to the Complaint filed in this matter.

With respect to the unnumbered paragraph beginning "COMES NOW DENISE PAYNE, …" Defendant admits that Plaintiff purports to assert claims pursuant to the Americans with Disabilities Act ("ADA") but denies that it has violated the ADA; denies there is any basis for Plaintiff's claims; and denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies each and every remaining allegation contained in the unnumbered paragraph beginning "COMES NOW DENISE PAYNE, …"

## FIRST DEFENSE

For a First Defense, Defendant responds to the allegations contained in the numbered paragraphs of the Complaint as follows:

1. With regard to the allegations contained in the paragraph numbered 1 in the Complaint, the paragraph alleges Plaintiffs' characterization of their claims and jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, except to admit that this Court has jurisdiction over the subject matter of Plaintiffs' claims.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. With regard to the allegations contained in the paragraph numbered 4 in the Complaint, Defendant admits that it is an Ohio corporation, and that it operates a store location at 5458 New Hope Commons Drive, Durham, North Carolina. Defendant denies that Defendant owns the property at issue in this action. Except as specifically admitted herein, Defendant denies the allegations contained in the paragraph numbered 4 in the Complaint.

5. With regard to the allegations contained in the paragraph numbered 5 in the Complaint, Defendant admits that venue is proper in this federal district, and that Defendant does business with this federal district. Defendant denies that Defendant owns

the property at issue in this action or any other property in this federal district.  Except as specifically admitted herein, Defendant denies the allegations in the paragraph numbered 5 in the Complaint.

6.      With regard to the allegations contained in the paragraph numbered 6 in the Complaint, the allegations are Plaintiffs' characterizations and legal conclusions regarding the ADA and do not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations in the paragraph numbered 6 in the Complaint.

7.      With regard to the allegations contained in the paragraph numbered 7 in the Complaint, the allegations contain Plaintiffs' legal characterizations and conclusions regarding the ADA and do not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations in the paragraph numbered 7 in the Complaint.

8.      With regard to the allegations contained in the paragraph numbered 8 in the Complaint, Defendant denies that Payne encountered architectural barriers at its store location, or that Defendant has discriminated against Payne in any way.  With regard to the remaining allegations, Defendant is without sufficient information with which to admit or deny the allegations and, accordingly, denies the remaining allegations in paragraph numbered 8 in the Complaint.

9. With regard to the allegations contained in the paragraph numbered 9 in the Complaint, Defendant denies that the National Alliance for Accessibility, Inc. or any of its members has encountered architectural barriers at Defendant's store location, or that Defendant has discriminated against the National Alliance for Accessibility, Inc. or any of its members in any way. With regard to the remaining allegations, Defendant is without sufficient information with which to admit or deny the allegations and, accordingly, denies the remaining allegations in paragraph numbered 8 in the Complaint.

10. Denied.

11. Denied.

12. With regard to the allegations contained in the paragraph numbered 12 in the Complaint, the allegations are Plaintiffs' characterizations and legal conclusions regarding the ADA and do not require a response from Defendant. To the extent a response is deemed required, Defendant denies the allegations in the paragraph numbered 12 in the Complaint.

13. With regard to the allegations contained in the paragraph numbered 13 in the Complaint, the allegations contain Plaintiffs' self serving characterizations regarding Plaintiffs' alleged motives and purposes in pursuing this action and do not require a response from Defendant. To the extent a response is deemed required, Defendant denies the allegations in the paragraph numbered 13.

14. With regard to the allegations contained in the paragraph numbered 14 in the Complaint, Defendant admits that pursuant to a lease it operates a store location at 5458 New Hope Commons Drive, Durham, NC 27707. Except as specifically admitted herein, Defendant denies the allegations contained in the paragraph numbered 14 in the Complaint.

15. Denied.

16. Denied.

17.(A. 1-2; B. 3-6; C.7). Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. With regard to the allegations contained in the paragraph numbered 23 in the Complaint, the allegations consist of Plaintiffs' characterizations and legal conclusions regarding the cited regulatory provisions and do not require a response from Defendant. To the extent a response is deemed required, Defendant denies each and

every allegation contained therein, except to refer to the language of the referenced statute, regulations, and standards which speaks for itself.

24. Denied.

25. Denied.

26. With regard to the allegations contained in the paragraph numbered 26 in the Complaint, Defendant admits that the Court has authority pursuant to the cited statute to provide injunctive relief. Defendant denies that Plaintiffs are entitled to any such relief in this action. Except as specifically admitted herein, Defendant denies the allegations in the paragraph numbered 26 in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

To the extent any architectural barriers exist, Plaintiffs have demanded modifications that are either not readily achievable, technically feasible, structurally practicable, or otherwise required.

### Third Affirmative Defense

Plaintiffs lack standing to bring some or all of the claims asserted herein.

### Fourth Affirmative Defense

To the extent any architectural barriers exist, the demanded modifications would fundamentally alter the nature of the goods, services, facilities, advantages, or accommodations, and Defendant is not required to make such modifications.

### Fifth Affirmative Defense

To the extent any architectural barriers exist, Plaintiffs have demanded modifications that would either create an undue hardship on Defendant, or that would threaten the health and safety of Plaintiffs and others.

### Sixth Affirmative Defense

To the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions, and taken as a whole, Defendant's store is compliant with the ADA and its implementing regulations.

### Seventh Affirmative Defense

To the extent any architectural barriers exist, because Plaintiffs filed this action without first attempting to resolve the issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, this Court should exercise its discretion to deny Plaintiff's attorneys' fees and costs incurred in this action.

### Eighth Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant requests that the Court enter judgment in its favor dismissing each and every claim in the Complaint, denying Plaintiffs the requested injunctive and other relief sought, granting Defendant its attorneys fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of September, 2010.

        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.

By:   /s/ Gregory P. McGuire
       N.C. State Bar No. 14237
       greg.mcguire@ogletreedeakins.com
       4208 Six Forks Road, Suite 1100
       Raleigh, North Carolina 27609
       Telephone: 919-787-9700
       Facsimile: 919-783-9412

By:   /s/ Sarah H. Roane
       N.C. State Bar No. 24114
       sarah.roane@ogletreedeakins.com
       2725 Horse Pen Creek Road, Suite 101
       Greensboro, North Carolina 27410
       Telephone: 336-375-9737
       Facsimile: 336-375-4430

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation, and DENISE PAYNE, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV00589 |
| OFFICEMAX NORTH AMERICA, INC., an Ohio Corporation, d/b/a OFFICE MAX, | ) ) ) ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jacqueline Y. London, Esq.

Dated this 13th day of September, 2010.

           OGLETREE, DEAKINS, NASH,
            SMOAK & STEWART, P.C.

By: /s/ Gregory P. McGuire
Gregory P. McGuire
N.C. State Bar No. 14237
P.O. Box 31608 (27622)
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: 919-787-9700
Facsimile: 919-783-9412

9

9118929.1 OGLETREE

Case 1:10-cv-00589-UA -LPA Document 9 Filed 09/13/10 Page 9 of 9